UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| JEFFERY SCOTT, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION V-06-91 |
| | § | |
| THE HOME DEPOT, HOME DEPOT | § | |
| U.S.A., INC. AND HOME DEPOT OF | § | |
| TEXAS, INC., | § | |
| | § | |
| Defendants. | § | |

## ORDER

Pending before the Court is Plaintiff's Opposed Motion & Notice of Motion For Remand (Dkt. # 6-1). The Court, after reviewing the motion, the responses by the parties and the relevant law, is of the opinion that the motion should be DENIED for the reasons set forth below.

### Background

On May 31, 2006, Plaintiff Jeffery Scott filed suit against the Home Depot, Home Depot U.S.A., Inc. and Home Depot of Texas, Inc. Plaintiff filed his original petition in the District Court of Victoria County, Texas, 267th Judicial District. The original petition alleges breach of contract, fraud and misrepresentation claims based on an alleged violation of a management compensation agreement with Defendants. Plaintiff's original petition, however, does not contain any specific figures pertaining to damages. Instead, the petition alleges unspecified compensatory damages, exemplary damages and attorneys fees.

On August 10, 2006, Plaintiff served upon Defendants his Response to Defendant's Request for Disclosures. Plaintiff's response indicated that he was specifically seeking $32,500.00 in compensatory damages in addition to exemplary damages and attorney's fees. Defendants subsequently filed Defendants' Notice of Removal (Dkt. #1-1) on September 8, 2006.

**Discussion**

Plaintiff maintains that his original petition states a removable case and that Defendants did not file a timely notice of removal. Defendants respond that the case first became removable when Plaintiff served his Response to Defendant's Request for Disclosures and therefore Defendants' notice of removal was timely. This Court must decide whether Defendants properly filed their notice of removal.

Title 28 U.S.C. § 1446(b) governs the timeliness of notices of removal. The section provides:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on defendant, whichever period is shorter.
>
> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of this action.

28 U.S.C. § 1446(b). Title 28 U.S.C. § 1441 permits a defendant to remove a case to federal court for the district and division within which the action is pending. Proper removal involves threshold jurisdictional requirements. Title 28 U.S.C. § 1332(a) confers jurisdiction to district courts over diversity suits where the amount in controversy exceeds $75,000.00. Generally, the removing party has the burden of proving that federal jurisdiction exists. *Grant v. Chevron Phillips Chem. Co. L.P.*, 309 F.3d 864, 868 (5th Cir. 2002).

In instances where a case has been removed and the plaintiff has failed to specify the amount

in controversy, the Fifth Circuit has held that a removing party may establish jurisdiction by a preponderance of the evidence in either of two ways: (1) by demonstrating that it is "facially apparent" from the petition that the claim likely exceeds $75,000.00; or (2) by setting forth facts that support the requisite finding. *Allen v. R.H. Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995). A district court must first examine the complaint to determine whether it is "facially apparent" that the claims exceed the jurisdictional amount. *White v. FCI USA, Inc.*, 319 F.3d 672, 675 (5th Cir. 2003). If it is not facially apparent, the court may rely on "summary judgment-type" evidence to ascertain the amount in controversy. *Id.* If an original petition does not present a removable case and a defendant is first made aware that a case is removable by "other paper" under 28 U.S.C. § 1446(b), the information supporting removal must be "'unequivocally clear and certain'" to start running the section 1446(b) time limit. *Bosky v. Kroger Texas, LP*, 288 F.3d 208, 211 (5th Cir. 2002). The Fifth Circuit has held that "once a defendant is able to show that the amount in controversy exceeds the jurisdictional amount, removal is proper, provided plaintiff has not shown that it is legally certain that his recovery will not exceed the amount stated." *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995).

Upon examination of Plaintiff's original petition, the Court finds that it is not facially apparent that the damages pled were likely to be in excess of $75,000.00. No specific damages were alleged. In this case, Plaintiff's breach of contract, fraud and misrepresentation claims do not lend themselves to reliable damage predictions. Therefore, a preponderance of the evidence supports a finding that Plaintiff's original petition does not state a removable case. Because the case was not removable at the time Plaintiff filed his original petition, the 30 day time limit of 28 U.S.C. § 1446(b) did not begin to run from that date.

The Court further finds that the case became removable upon service of Plaintiff's Response to Defendant's Request for Disclosures. Plaintiff's response specifically disclosed compensatory damages in the amount of $32,500.00. When this amount of compensatory damages is considered alongside Plaintiff's alleged punitive damages and attorney's fees, it is unequivocally clear and certain by a preponderance of the evidence that the amount in controversy would exceed the jurisdictional amount. Because Defendants filed their notice of removal within 30 days of the receipt of Plaintiff's response, Defendants notice of removal is timely.

## Conclusion

Plaintiff's Opposed Motion & Notice of Motion For Remand (Dkt. # 6-1) is DENIED.

It is so ORDERED.

Signed on this 8th day of January, 2007.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE